UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Dale Smart, #272017, | ) | C/A No. 2:11-2087-GRA-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Alan Wilson, S.C. Att. General; | ) | |
| Bradford Cranshaw, Attorney; | ) | |
| John Belton White, Attorney; | ) | |
| Sam White, Public Safety Dir.; | ) | |
| Dr. Ravenell Smith, | ) | |
| | ) | |
| Defendants. | ) | |

Robert Dale Smart ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights.[1] Plaintiff is an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC). Plaintiff paid the $350.00 filing fee. The Complaint should be dismissed because it fails to state a claim on which relief may be granted, and several Defendants are immune from suit.

Initial Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915A and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*,

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and Plaintiff names several employees or officers of a governmental entity as Defendants – Alan Wilson, South Carolina Attorney General, and Sam White, Union County Public Safety Director. Plaintiff "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Therefore, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if it, "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).[2] Moreover, this Court may review *sua sponte* a complaint filed by a *pro se* plaintiff who paid the filing fee to determine if subject matter jurisdiction exists and that a case is not frivolous. *See Doiley v. Lieber Corr. Inst.*, C/A No. 2:07-3969-PMD-GCK, 2008 WL 190637, *1 (D.S.C. Jan. 17, 2008).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so, but a district court may not rewrite a petition to

---

[2] This Court is not applying pre-screening pursuant to 28 U.S.C. § 1915 to Plaintiff's case because Plaintiff did not seek leave to proceed *in forma pauperis*.

2

include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff is currently confined in the Kershaw Correctional Institution. He was convicted by a jury on January 17, 2001, in the Union County Court of General Sessions of first degree criminal sexual conduct with a minor. *See* Report and Recommendation, *Smart v. Reynolds*, C/A No. 8:08-3918-GRA-BHH (D.S.C. Oct. 21, 2009), ECF No. 74. Plaintiff received a sentence of fifteen years. *Id.* He filed a direct appeal in his criminal case and pursued post conviction relief proceedings in the state courts. *Id.* In this case, and in his prior cases filed in this Court, Plaintiff maintains that he is innocent and did not commit the crime. It is appropriate for this Court to take judicial notice of Plaintiff's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, and it granted the Respondent's motion for summary judgment and dismissed the § 2254 petition with prejudice. *See* Order, *Smart v. Reynolds*, C/A No. 8:08-3918-GRA-BHH (D.S.C. December 9, 2009), ECF No. 81. In the § 2254 case, Plaintiff alleged, among other things, prosecutorial misconduct, ineffective assistance of trial counsel, deficient

indictment, alteration of trial transcripts, his incarceration was intended to prevent him from filing a lawsuit against doctors who hid the fact of his poisoning, and the lingering effects of the poisoning has left him unable to eat food provided by SCDC. *See* Report and Recommendation, *Smart v. Reynolds*, C/A No. 8:08-3918-GRA-BHH (D.S.C. Oct. 21, 2009), ECF No. 74. Plaintiff appealed his § 2254 case to the United States Court of Appeals for the Fourth Circuit, which dismissed the appeal on August 31, 2010. Plaintiff alleges that he filed a petition for a writ of certiorari with the United States Supreme Court, which denied the request on March 7, 2011. Compl. Ex. 1, at 1. Plaintiff alleges that he filed a motion for rehearing with the United States Supreme Court, and the Court denied the motion on June 6, 2011. Compl. Ex. 1, at 2.

On February 27, 2006, Plaintiff filed a civil action against John Edward Tesner and Connie Jeanette Tesner alleging that they poisoned him and gave false testimony against him to secure his conviction. *See* Report and Recommendation, *Smart v. Tesner*, C/A No. 3:06-451-GRA-BHH (D.S.C. Feb. 28, 2006), ECF No. 5. Plaintiff requested that the Tesners be prosecuted for their wrongdoings. This Court dismissed the case without prejudice, and it ruled that no diversity jurisdiction existed, the Tesners did not act under the color of state law, and the doctrine of witness immunity prevented Plaintiff from suing the Tesners related to their testimony. *See* Report and Recommendation, *Smart v. Tesner*, C/A No. 3:06-451-GRA-BHH (D.S.C. Feb. 28, 2006), ECF No. 5, *adopted by* Order (D.S.C. March 14, 2006), ECF No. 7.

In the Complaint *sub judice*, Plaintiff describes detailed factual circumstances of his life beginning in 1987, and he expounds his allegations in a 50-page Complaint with 82 pages of exhibits. Compl., ECF No. 1. Plaintiff alleges that he was wrongfully imprisoned

4

on January 18, 2001. This Court attempts to summarize Plaintiff's facts and claims contained in the Complaint hereinafter: Defendant Smith committed medical malpractice and deliberate indifference on Plaintiff, his patient, in 1998; in 2001, certain SCDC medical employees were indifferent to Plaintiff's illnesses caused by the poisoning; SCDC prison officials interfered with his access to the courts; Defendant Sam White illegally ordered that Plaintiff be arrested without probable cause for molesting a child; the South Carolina Attorney General's Office interfered with Plaintiff's access to the United States Supreme Court in 2010 when Plaintiff mailed his petition for writ of certiorari; Defendant John Belton White provided ineffective assistance at Plaintiff's 2001 trial and refused to present a defense; Defendant Cranshaw, the prosecutor, used perjured testimony to convict Plaintiff in 2001 and otherwise committed prosecutorial misconduct; the South Carolina Attorney General's Office has denied Plaintiff's access to courts by trying to cover up the poisoning of Plaintiff and by altering transcripts; the indictment of Plaintiff was obtained without jurisdiction; and the trial judge committed errors at Plaintiff's trial in 2001. In the Complaint, Plaintiff further alleges that he previously sued Defendant Smith in state court for medical malpractice. Plaintiff alleges that his state court action was dismissed in 2005 on the ground that Plaintiff filed the action too late. Plaintiff appears to allege that he appealed his state court action against Defendant Smith, and that a court dismissed his appeal as untimely. Plaintiff appears to allege that unspecified SCDC and prison mail room officials took his typewriter ribbons, caused his appeal to be late, and otherwise denied his access to the courts.

Ultimately, Plaintiff seeks the following relief: "that an expert on toxic poisoning be brought into the case from the Center for Disease Control and prove or disprove the

Petitioner's poisoning claims"; "the DSS reports and Kim Rosoborough report be authenticated proving Petitioner's innocence and all Brady Material requested"; "the Writ of Certiorari and Motion for Rehearing to be ruled upon [i]n a Constitutional manner because the Petitioner believes the Petitioner's appeal was altered before it went to the Supreme Court of the United States by order of the Office of the Attorney General of S.C. and the sentence to be vacated"; the arrest of the Tezners[3] for poisoning Plaintiff and for murdering others; $1,150,000.00 to replace his lost income and property due to his time wrongfully spent in jail; damages for denial of access to courts; damages due to Defendant John Belton White's incompetent representation of Plaintiff; damages due to Defendant Smith's medical malpractice and intentional indifference to Plaintiff, his patient; damages due to Defendant Sam White's unlawful arrest of Plaintiff and cover-up of potential evidence; damages from the Office of the S.C. Attorney General "for ordering state employees to deny the Petitioner access to the courts after not proving reasonable doubt and violating due process and public safety"; and damages due to the prosecutor's violating Plaintiff's rights before and during the trial.  Compl. 49-50.

## Discussion

Giving liberal construction to Plaintiff's *pro se* documents and holding them to a less stringent standard than those drafted by attorneys, and further recognizing that Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint should be summarily dismissed.  *See Erickson v. Pardus*, 551 U.S. 89 (2007).  The crux of the Complaint is an attempt to vacate Plaintiff's 2001 state

---

[3] In different places, Plaintiff has spelled the name Tezner or Tesner.  Plaintiff appears to be referring to the same people.

criminal conviction of criminal sexual conduct with a minor by attacking it in this § 1983 action.  This Court believes that it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  *Id.*; *see also Skinner v. Switzer*, 131 S.Ct. 1289 (2011) (holding that a complaint requires a plausible "short and plain" statement of the plaintiff's claim but does not need to give an exposition of the plaintiff's legal argument).  In a § 1983 action, reversal of a conviction and release from prison are not available remedies.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").  Throughout the Complaint, Plaintiff attacks his state criminal conviction as illegal, wrongful, and erroneous.  For example, Plaintiff alleges that the prosecutor, Defendant Cranshaw, committed prosecutorial misconduct to obtain the conviction and the state Attorney General's Office altered the transcripts to uphold the conviction.  Plaintiff alleges wrongful arrest without probable cause against Defendant Sam White, in relation to the charge for which Plaintiff was later convicted.  Also, Plaintiff alleges that his defense counsel at trial, Defendant John Belton White, provided incompetent representation by failing to present a defense, which resulted in Plaintiff's wrongful conviction.  Each of these claims is the type of claim which could be raised in an action seeking habeas corpus.

     Plaintiff already unsuccessfully sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254.  *See* Order, *Smart v. Reynolds*, C/A No. 8:08-3918-GRA-BHH (D.S.C. December 9, 2009), ECF No. 81.  In the prior § 2254 case, which was determined on the merits, Plaintiff alleged, among other things, prosecutorial misconduct, ineffective

assistance of trial counsel, deficient indictment, alteration of trial transcripts, his incarceration was intended to prevent him from filing a lawsuit against doctors who hid the fact of his poisoning, and the lingering effects of the poisoning has left him unable to eat food provided by SCDC.  *See* Report and Recommendation, *Smart v. Reynolds*, C/A No. 8:08-3918-GRA-BHH (D.S.C. Oct. 21, 2009), ECF No. 74.  Before Plaintiff may bring a second § 2254 petition, he must receive permission to do so from the court of appeals in which circuit the district court sits, in this case, the Fourth Circuit.  *See* 28 U.S.C. § 2244(b).  While Plaintiff's intention is not stated, Plaintiff's attempt to obtain a reversal of his state conviction in this § 1983 action may be an attempt to bypass the rules for filing a successive § 2254 petition.  Regardless, Plaintiff cannot state a cognizable claim for a reversal of his state conviction in this § 1983 action.

Even if certain of Plaintiff's allegations could be construed as alleging, pursuant to 42 U.S.C. § 1983, constitutional violations against individual defendants seeking solely money damages, Plaintiff's alleged facts fail to state a claim on which relief may be granted as a matter of law.  First, Plaintiff's claim of deliberate indifference to a serious medical need against Defendant Smith is not cognizable because Plaintiff alleges that Smith was in private practice and provided defective medical care prior to Plaintiff's incarceration.  Thus, Smith is not alleged to have acted under the color of state law.  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.

*West v. Atkins*, 487 U.S. 42, 48 (1988). Accordingly, Plaintiff failed to state a claim on which relief may be granted as to Defendant Smith.[4]

Similarly, Defendant John Belton White is not alleged to have acted under the color of state law. Plaintiff alleges that Defendant John Belton White, an attorney, represented Plaintiff during Plaintiff's criminal trial. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). *Cf. Vermont v. Brillon*, 129 S.Ct. 1283, 1291 (2009) (noting that assigned counsel for a criminal defendant is not ordinarily considered a state actor). Thus, Plaintiff failed to state a claim on which relief may be granted as to Defendant John Belton White.

Plaintiff alleges that Defendant Cranshaw acted as the prosecutor in the criminal case against Plaintiff in state court and that Cranshaw used perjured testimony to obtain the conviction. Prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 129 S.Ct. 855, 860-62 (2009). For

---

[4] Plaintiff's attempt to sue Defendant Smith for medical malpractice and to seek the arrest of the Tezners may be viewed as harassment or malicious. *See* 28 U.S.C. § 1915A(b)(1). *Cf. Jones v. State*, C/A No. 3:02-157-24BC, 2002 WL 32334394 (D.S.C. Sept. 17, 2002) (finding that filing duplicative and repetitious motions and complaints was malicious pursuant to § 1915(e)). Plaintiff alleges that he previously sued Defendant Smith in state court for medical malpractice, and he alleges that he lost that case. In this action, Plaintiff sues Smith for medical malpractice apparently based on the same facts. Also, Plaintiff previously sued the Tesners in this Court and requested that they be prosecuted. That case was dismissed without prejudice. In this action, Plaintiff again seeks an arrest of the Tezners.

9

example, when a prosecutor "prepares to initiate a judicial proceeding", "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies.  *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).  Defendant Cranshaw's alleged wrongful conduct occurred during the criminal trial.  This alleged conduct is intricately related to the judicial process and to the prosecution of the State's case against Plaintiff.  Therefore, Defendant Cranshaw should be dismissed from this suit based on absolute immunity.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Plaintiff's claims against Defendant Alan Wilson, the current South Carolina Attorney General, do not allege any personal involvement by Wilson but rather seek to hold the Office of the Attorney General liable for damages.  Plaintiff alleges that the Office of the Attorney General, in its attempt to uphold the Plaintiff's conviction, interfered with Plaintiff's access to the courts by altering transcripts and covering up that Plaintiff had been poisoned.  The South Carolina Office of the Attorney General is an agency of South Carolina.  *See Field v. McMaster*, C/A No. 6:09-1949-HMH-BHH, 2010 WL 1076060 (D.S.C. March 18, 2010).  Defendant Wilson, in his official capacity, is an official representative of South Carolina.  *See Brooks v. Arthur*, 626 F.3d 194, 201 (4th Cir. 2010) (explaining that a person in his official capacity is an official representative of a government or corporation).  South Carolina has immunity from suit in this Court.  "[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact...." *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S.Ct. 1632, 1637-38 (2011).  "A State may waive its sovereign

immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* (citations omitted). The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Id.*, 1637 n.1. *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Thus, Defendant Wilson, whom Plaintiff is suing in his official capacity, should be dismissed based on Eleventh Amendment immunity.

Additionally, Plaintiff seeks to have the Tezners arrested for crimes they allegedly committed upon Plaintiff and other persons. Plaintiff, however, failed to name the Tezners as defendants. Regardless, Plaintiff cannot have this Court prosecute criminal charges against the Tezners as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")).

Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also United States v. Giannattasio*, 979 F.2d 98, 100 (7th Cir. 1992).

Finally, Plaintiff may be alleging several prison conditions of confinement claims against unknown SCDC officials, such as the mail room or medical personnel. However, because it appears that no SCDC officials are named as defendants in this action, Plaintiff failed to state a claim on which relief may be granted as to any conditions of confinement claims.[5]

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. *See* 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

---

[5] If Plaintiff later seeks to bring a conditions of confinement claim against a prison official, Plaintiff is cautioned that he must first exhaust the prison administrative process. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

                                                        s/Bruce Howe Hendricks
                                                        United States Magistrate Judge

August 30, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).