UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ROBERT DALE SMART, #272017, | ) | C/A No. 2:11-cv-02087-GRA-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| ALAN WILSON, ATTORNEY GENERAL | ) | |
| FOR SOUTH CAROLINA; BRADFORD | ) | |
| CRENSHAW, ATTORNEY; JOHN | ) | |
| BELTON WHITE, ATTORNEY; SAM | ) | |
| WHITE, PUBLIC SAFETY DIRECTOR; | ) | |
| DR. RAVENELL SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Plaintiff Robert Dale Smart's Motion to Recuse. *See* Motion, ECF No. 12. Plaintiff, a *pro se* state prisoner, is requesting Judge G. Ross Anderson, Jr. recuse himself from Plaintiff's 42 U.S.C. § 1983 action, which is currently pending before this Court. *See Id.*; Complaint, ECF No. 1.

Plaintiff filed this motion on September 12, 2011, listing three reasons which are largely based on Plaintiff's disagreement with this Court's prior rulings on his case. For the reasons set forth below, Plaintiff's motion is DENIED.

**Standard of Review**

Plaintiff proceeds *pro se*. This Court is required to construe *pro se* pleadings liberally to allow for the development of a potentially meritorious claim. *See Boag*

Page 1 of 6

*v. MacDougall*, 454 U.S. 364 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Nonetheless, the liberal construction requirement does not mean that a court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

Plaintiff is currently being held at the Kershaw Correctional Institution after being convicted by a jury on January 17, 2001, in the Union County Court of General Sessions, of first degree criminal sexual conduct with a minor. *See* Report and Recommendation, *Smart v. Reynolds*, C/A No. 8:08-3918-GRA-BHH (D.S.C. Oct. 21, 2009), ECF No. 74. Plaintiff received a sentence of fifteen years. He filed a direct appeal in his criminal case and pursued post-conviction relief proceedings in the South Carolina state courts.

Plaintiff subsequently filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, and it granted the Respondent's motion for summary judgment and dismissed the § 2254 petition with prejudice.  *See* Order, *Smart v. Reynolds*, C/A No. 8:08-3918-GRA-BHH (D.S.C. Dec. 9, 2009), ECF No. 81.  In the § 2254 case, Plaintiff alleged prosecutorial misconduct, ineffective assistance of trial counsel, deficient indictment, and alteration of trial transcripts among other things.  *See* Report and Recommendation, ECF No. 74.  The United States Court of Appeals for the Fourth Circuit dismissed Plaintiff's appeal on August 31, 2010.  *See* Order, *Smart v. Reynolds*, C/A No. 8:08-3918-GRA-BHH (D.S.C. Dec. 9, 2009), ECF No. 108.

Plaintiff commenced this action pursuant to 28 U.S.C § 1983 on August 9, 2011.  *See* Complaint, ECF No. 1.  In relation to that action, Plaintiff filed this Motion to Recuse on September 12, 2011.  *See* Motion, ECF No. 12.

## Discussion

28 U.S.C § 455 governs disqualification of federal district court judges.  In pertinent part, the section provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of

disputed evidentiary facts concerning the proceeding. . . .

*Id.*

In the Fourth Circuit, the standard outlined in subsection (a) is analyzed objectively by determining whether a reasonable person with knowledge of the relevant facts and circumstances might question the judge's impartiality. *See United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). The "reasonable person" is a "well-informed, thoughtful observer," who is not "hypersensitive or unduly suspicious." *Rosenberg v. Currie*, No. 0:10-1555-DCN-PJG, 2010 WL 3891966 at *1 (Sept. 3, 2010) (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)).[1] With regard to subsection (b)(1), bias or prejudice must be proven by compelling evidence. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000).

Section 455 does not require the judge to accept as true all allegations by a moving party; rather, the judge must disqualify himself upon finding the facts cast doubt on his impartiality regardless of how they come to his attention. *Lindsey v. City of Beaufort*, 911 F. Supp. 962, 967 n.4 (D.S.C. 1995). The requirement that a trial judge recuse himself under guidelines enunciated in 28 U.S.C. § 455 recognizes the importance of preserving a "fair and impartial tribunal [as] the basic

---

[1]Judge David C. Norton adopted this Report and Recommendation in its entirety in a written order. *See Rosenberg v. Currie*, No. 0:10-1555-DCN, 2010 WL 3805922 (D.S.C. Sept. 23, 2010).

guardian of all cherished notions of due process embodied in the Constitution of the United States." *Id.* at 967 (citing *In re Murchison*, 349 U.S. 133 (1955)).  The motion to recuse must be based on bias that is extrajudicial or personal in nature, and must result in an opinion based on something other than what was learned from the judge's participation in the case. *Id.*

In Plaintiff's Motion to Recuse, Plaintiff lists three arguments; the gravamen being that Plaintiff disagreed with Judge Anderson's unfavorable rulings on his prior habeas corpus petition. *See* Motion, ECF No. 12 at 1; Order, *Smart v. Reynolds*, C/A No. 8:08-3918-GRA-BHH (D.S.C. Dec. 9, 2009), ECF No. 81.  Plaintiff alleges:

> (1) The Judge refused to allow the Plaintiff to dismiss his Federal habeas corpus without prejudice and allow him to go back into state court.
>
> (2) He did not rule on the Plaintiff's innocence claim or poisoning claim and other claims in federal habeas corpus.
>
> (3) He has shown an innocent poisoning victim with brain damage abuse of discretion by not ruling on any of the claims.

*Id.*

Plaintiff's request is wholly based on his dissatisfaction with this Court's rulings in his prior habeas corpus case, which is clearly an insufficient ground for disqualification under applicable law. *See* 28 U.S.C. § 455.   "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540, 541 (1994).  Furthermore, the Plaintiff's Motion to Recuse "may not be predicated on the judge's rulings in the instant case

or in related cases, nor on a demonstrated tendency to rule any particular way, nor on a particular judicial leaning or attitude derived from his or her experience on the bench." *Lindsey v. City of Beaufort*, 911 F. Supp. 962, 967-68 (D.S.C. 1995).

Plaintiff has failed to state any other reasons why Judge G. Ross Anderson, Jr. should recuse himself.  Accordingly, Plaintiff's Motion to Recuse is DENIED.

## **CONCLUSION**

Therefore, because this Court finds Plaintiff's claims to be without merit, Plaintiff's Motion to Recuse is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

September 16 , 2011
Anderson, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**