UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robert Dale Smart, #272017, | ) | C/A No. 2:11-cv-2087-GRA-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| Alan Wilson, S.C. Att. General; | ) | |
| Bradford Cranshaw, Attorney; | ) | |
| John Belton White, Attorney; | ) | |
| Sam White, Public Safety Director; | ) | |
| Dr. Ravenell Smith, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court for review of United States Magistrate Judge Bruce Howe Hendricks' Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.01 of the District of South Carolina, which was filed on August 30, 2011. Plaintiff Robert Dale Smart filed this action on August 9, 2011, pursuant to 42 U.S.C. § 1983. Under established procedure in this judicial district, Magistrate Judge Hendricks made a careful review of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915A and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104−134, 110 Stat. 1321 (1996). Magistrate Judge Hendricks recommends that this Court dismiss Plaintiff's Complaint without prejudice and without issuance of service of process. *See* Report and Recommendation, ECF No. 8. Plaintiff filed a timely Objection to the magistrate judge's Report and Recommendation on September 12,

Page **1** of **18**

2011 and Additional Objections to the Report and Recommendation on September 19, 2011. *See* ECF No. 11 and 15. This Court adopts the magistrate's Report and Recommendation in its entirety.[1]

In addition, Plaintiff requests amending his Complaint to add John and Connie Tesner in his Motion of Objection. *See* ECF No. 11. Liberally construing this request as a motion to amend a pleading pursuant to Rule 15 of the Federal Rules of Civil Procedure, this Court DENIES Plaintiff's motion.

## **Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

---

[1] The Report and Recommendation fails to specifically address the dismissal of Plaintiff's case against Defendant Sam White, Union County Department of Safety Director. The Court will also dismiss this action for reasons set forth below.

**Background**

Plaintiff is a state prisoner currently incarcerated at Kershaw Correctional Institution. He was convicted by a jury on January 17, 2001, in the Union County Court of General Sessions, of first degree criminal sexual conduct with a minor and sentenced to fifteen years imprisonment. *See* Report and Recommendation, *Smart v. Reynolds*, C/A No. 8:08-3918-GRA-BHH (D.S.C. Oct. 21, 2009), ECF No. 74. He filed a direct appeal in his criminal case and pursued post-conviction relief proceedings in state courts.

Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on December 3, 2008, which was dismissed with prejudice upon granting Respondent's motion for summary judgment. *See* Order, *Smart v. Reynolds*, C/A No. 8:08-cv-3918-GRA-BHH (D.S.C. Dec. 9, 2009), ECF No. 81. In Plaintiff's petition, Plaintiff alleged prosecutorial misconduct, ineffective assistance of trial counsel, deficient indictment, alteration of trial transcripts, conspiracy to imprison him to prevent him from filing a lawsuit against his doctors who hid the fact that he was poisoned, and the lasting effects of his poisoning. *See* Report and Recommendation, *Smart v. Reynolds*, C/A No. 8:08-cv-3918-GRA-BHH (D.S.C. Oct. 21, 2009), ECF No. 74. The United States Court of Appeals affirmed the dismissal of Plaintiff's habeas petition. *See* USCA Opinion, *Smart v. Reynolds*, C/A No. 8:08-cv-3918-GRA-BHH (D.S.C. Aug. 31, 2010), ECF No. 107.

Plaintiff also previously filed a civil action against John Edward Tesner and Connie Jeannette Tesner alleging they poisoned him and provided false testimony

against him in court to secure his conviction. *See* Report and Recommendation, *Smart v. Tesner*, C/A No. 3:06-cv-451-GRA-BHH (D.S.C. Feb. 28, 2006), ECF No. 5. The magistrate's court dismissed the case without prejudice and held that no diversity jurisdiction existed, the Tesners did not act under the color of state law, and Plaintiff was barred from suing the Tesners based on their testimony due to the doctrine of witness immunity. *See* Report and Recommendation, *Smart v. Tesner*, C/A No. 3:06-cv-451-GRA-BHH (D.S.C. Feb. 28, 2006), ECF No. 5, *adopted by* Order (D.S.C. March 14, 2006), ECF No. 7.

In Plaintiff's lengthy Complaint and Objection to the magistrate's Report and Recommendation, Plaintiff raises the following claims: (1) Defendant Smith committed medical malpractice and deliberate indifference to Plaintiff's illnesses by failing to find that he was poisoned; (2) SCDC employees were indifferent to his alleged health condition and interfered with his access to the courts; (3) Defendant Sam White, Union County Public Safety Director, illegally ordered Plaintiff arrested without probable cause; (4) the South Carolina Attorney General's Office interfered with Plaintiff's access to the United States Supreme Court, concealed the fact that Plaintiff was poisoned, and altered trial transcripts; (5) Defendant John Belton White provided ineffective assistance of counsel at Plaintiff's trial in 2001; (6) Defendant Cranshaw, as prosecutor, used perjured testimony to convict Plaintiff and committed prosecutorial misconduct; and (7) the trial judge committed reversible errors in his trial.

In addition, Plaintiff moves to amend his complaint to add John Edward Tesner and Connie Jeannette Tesner into this civil action requesting civil and criminal actions against for murder, child molestation, first degree burglary, numerous cases of poisoning, terrorism, attempted credit card fraud, and defrauding Plaintiff. *See* Motion of Objection to Magistrates Report and Recommendation 16, ECF No. 11.

### Discussion

**I. Plaintiff's Motion to Amend the Pleading**

Plaintiff requests amending his Complaint to join John and Connie Tesner in his Motion of Objection to Magistrate's Report and Recommendation. *See* Motion, ECF No. 11. Liberally construing this request as a motion to amend a pleading to join additional parties pursuant to Rule 15 of the Federal Rules of Civil Procedure, this Court DENIES Plaintiff's motion.

Rule 15(a)(1)(A) allows parties to amend pleadings once as a matter of course within twenty-one (21) days of serving the pleading. This provision is inapplicable because Plaintiff sought to amend his pleading on September 12, 2011, which is more than twenty-one (21) days after he filed his Complaint on August 9, 2011. *See* Motion, ECF No. 11; Complaint, ECF No. 1.

A party may also seek to amend a pleading under Rule 15(a)(2) with the opposing party's written consent or the court's permission. Fed. R. Civ. P. 15. Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should "freely give leave [for amendment] when justice so requires." Fed. R. Civ. P. 15(a).

This court has discretion to deny the motion to amend; however, its discretion is tempered by "the general policy embodied in the Federal Rules, which favors resolution of cases on their merits." *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987). In accordance with the letter and spirit of the rule, "leave to amend a pleading should be denied *only when* . . . the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Therefore, a motion to amend may be denied for futility if the amendment is "clearly insufficient or frivolous on its face." *Oroweat Foods Co.*, 785 F.2d at 510–11. In the case *sub judice*, Plaintiff seeks to join John and Connie Tesner to the present action to pursue civil and criminal actions against them; however, Plaintiff's actions fail for the following reasons.

### A.    Criminal Action

Plaintiff, as a private citizen, has no enforceable right to institute a criminal prosecution, and thus cannot have this Court prosecute criminal charges against the Tesners. "No citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990)). Therefore, Plaintiff may not maintain a criminal action against the Tesners and such action is DISMISSED.

### B.    Civil Action

In addition, Plaintiff's civil action against the Tesners also fails. The only grounds Plaintiff brings suit against the Tesners is for "murder[,] child molestation,

first degree burglary, numerous cases of poisoning, terrorism, attempted credit card fraud, and defrauding Plaintiff" – all of which are state law claims. *See* ECF No. 11. Plaintiff does not appear to allege that the Tesners acted under color of state law or specifically request damages other than the Tesners' arrest; however, the Court will address each of these claims in an effort to liberally construe Plaintiff's *pro se* pleading.

In order for this Court to hear and decide a case, the Court must have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statutes. *See Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). There is a presumption that a case is outside this Court's limited jurisdiction, *see Turner v. Bank of N. A.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting the jurisdiction, *see McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936). The two most common subject matter jurisdiction forms are: (1) federal question under 28 U.S.C. § 1331 and (2) diversity of citizenship under 28 U.S.C. § 1332. Plaintiff's allegations against the Tesners do not fall within the scope of either type of this Court's jurisdiction.

First, Plaintiff has not established a basis for establishing diversity jurisdiction over this case against the Tesners. Plaintiff must establish complete diversity between parties and an amount in controversy in excess of seventy-five thousand dollars. 28 U.S.C. § 1332(a). Complete diversity of parties means that a party's

Page **7** of **18**

citizenship on one side of the dispute may not be the same as any party's citizenship on the other side. *See Owen Equip. & Erection Co. v. Kroker*, 437 U.S. 365, 372–74 (1978). Plaintiff has failed to meet his burden of establishing diversity jurisdiction exists. On March 14, 2006, this Court dismissed Plaintiff's prior suit against the Tesners finding that diversity jurisdiction did not exist between the parties because the information revealed both parties were residents of South Carolina. There is no evidence that the circumstances have changed. Therefore, Plaintiff fails to meet his burden of establishing diversity jurisdiction.

In addition, Plaintiff's complaint is insufficient to establish that federal question jurisdiction exists. In addition to diversity jurisdiction, this Court may hear cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's claims against the Tesners do not appear to allege anything other than state law claims. Indeed, Plaintiff claims the Tesners should be held liable for "murder[,] child molestation, first degree burglary, numerous cases of poisoning, terrorism, attempted credit card fraud, and defrauding Plaintiff." *See* ECF No. 11. None of these claims falls under federal question jurisdiction authorized under 28 U.S.C. § 1331.

Plaintiff does not specifically allege that the Tesners violated his constitutional rights or acted under color of law as required to assert a claim under 28 U.S.C. § 1983; however this claim is brought in conjunction with § 1983 claims against other parties and the Court will address such claim in construing Plaintiff's Motion liberally. Section 1983 is the procedural mechanism through

which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See Gonzaga University v. Doe*, 536 U.S. 273, 285 (2002) ("§ 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the United States."). This Court previously addressed and dismissed a § 1983 claim Plaintiff asserted against the Tesners. *See Order, Smart v. Tesner et al*, 3:06-cv-00451, ECF No. 7 (March 14, 2006) (adopting Report and Recommendation, ECF No. 5 (Feb. 26, 2008)). Under *res judicata*, or claim preclusion, "a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). *Res judicata* is premised on the fundamental concept that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties." *S. Pac. R.R. v. United States*, 168 U.S. 1, 48–49 (1897). There are three elements necessary to establish claim preclusion by *res judicata*: "(1) the prior judgment must have been final, on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; (2) the actions involved identical parties or their privies; and (3) the claims in the latter action are based upon the same causes of action asserted in the former action." *Nat'l Specialty Ins. Co. v. AIG Domestic Claims, Inc.*, C/A No. 6:10-cv-00826, 2011 WL 3489827 at *2 (Aug. 9, 2011). Thus, *"[r]es judicata* precludes the

litigation by the plaintiff in a subsequent action of claims 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [first] action arose.'" *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986), *cert. denied*, 480 U.S. 932 (1987) (quoting Restatement (Second) of Judgment § 24(1) (1982)).

In 2006, when this Court previously addressed Plaintiff's § 1983 claim asserted against John and Connie Tesner, it made a final determination on the merits and dismissed Plaintiff's case against the Tesners pursuant to §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996. *See Order, Smart v. Tesner et al*, 3:06-cv-00451, ECF No. 7 (March 14, 2006) (adopting Report and Recommendation, ECF No. 5 (Feb. 26, 2008)). Here, Plaintiff's claims against the Tesners are based upon the same causes of action asserted in the former action previously adjudicated by this Court.[2] Therefore, Plaintiff's claims against the Tesners in the case *sub judice* are precluded under the doctrine of *res judicata.*

Accordingly, Plaintiff has failed to state a claim upon which relief may be granted as to the Tesners. Plaintiff's motion to amend the pleadings and join John and Connie Tesner is "clearly insufficient or frivolous on its face" and would be futile. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986))

---

[2] In that case, Plaintiff asserted almost identical claims against the Tesners as alleged here: "Plaintiff's allegations stem from his relationships prior to his incarceration with both Defendants and their child or ward, the alleged victim in the criminal case that resulted in Plaintiff's current incarceration." *Id.* at 1. Plaintiff alleged the Tesners were liable for "poisoning, burglary, 1st degree criminal conduct, obstruction of justice, conspiracy, obstruction of freedom of speech and

(emphasis in original).  Therefore, Plaintiff's motion to amend the pleadings and join John and Connie Tesner is DENIED.

## II.  Report and Recommendation

Magistrate Judge Hendricks recommends dismissing Plaintiff's complaint pursuant to 28 U.S.C. § 1915A because the Complaint fails to state a claim upon which relief may be granted.  *See* ECF No. 8.

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id*.  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th. Cir. 1983).

### A.  Defendant Sam White, Union County Public Safety Director

The Court notes that the Report and Recommendation did not specifically address Plaintiff's claims against Defendant Sam White, Union County Public Safety Director.  Plaintiff alleges that Defendant White had Plaintiff arrested

---

religion."  *Id.*

without probable cause and covered up the evidence of Plaintiff's cars being sprayed with toxic poisoning.  *See* ECF No. 1.  Plaintiff seeks $1,500,000.00 from Defendant White in damages.  *See* ECF No. 1.  For the following reasons, Plaintiff's claims against Defendant White are without merit and are dismissed.

The Supreme Court has held that a plaintiff may not maintain a claim against a defendant under 28 U.S.C. § 1983 seeking monetary damages, which would "necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  In the case *sub judice*, Plaintiff's case against Defendant White seems to be based on Plaintiff's innocence.  Ruling in Plaintiff's favor would necessarily imply that Plaintiff was in fact innocent of the crime for which he was convicted.  Therefore, Plaintiff's claims against Defendant White are invalid.

Even if Plaintiff successfully argued that his claims against Defendant White satisfied the requirements in *Heck*, Plaintiff cannot maintain a § 1983 action against Defendant White.  Both counties and cities are considered to be municipalities under § 1983; thus, Union County is considered to be a municipality in this case.  *See Swaringen v. Ariail*, No. 4:10-cv-2825, 2011 WL 2036372 at *4 (D.S.C. April 28, 2011).[3]  Defendant Sam White, Union County Public Safety Director, is an official of an agency and integral part of Union County, under § 1983.  In accordance with *Monell v. New York City Dept. Of Social Serv.*, "a

---

[3] Report and Recommendation adopted in *Swaringen v. Ariail*, No. 4:10-cv-02825, 2011 WL

municipality may be liable under § 1983 for the violation of a plaintiff's constitutional rights, but 'only where the constitutionally offensive actions of employees are taken in furtherance of some municipal policy or custom.'" *Swaringen*, 2011 WL 2036372 at *4 (quoting *Monell*, 436 U.S. 658, 694 (1978)). In addition, supervisors of municipalities are immune from § 1983 liability. "The doctrine of *respondeat superior* generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of employees, absent an official policy or custom which results in illegal action." *Monell*, 436 U.S. at 694. Thus, a plaintiff asserting a claim under § 1983 against a supervisor of a municipality for acts done by a municipal official or employee must identify a municipal policy, or custom, which caused the plaintiff's injury.

Here, Plaintiff makes specific factual allegations that Defendant Sam White, Union County Public Safety Director, had Plaintiff arrested without probable cause and concealed the fact that Plaintiff's cars were sprayed with toxic poison. *See* ECF No. 1. Notwithstanding the fact that Plaintiff's claims appear to be completely unsubstantiated, Plaintiff's Complaint makes no factual allegations that Defendant White acted in furtherance of a policy, custom, or practice that resulted in the alleged violation of Plaintiff's civil rights. Furthermore, Plaintiff's Complaint makes no allegations that Defendant White was aware of the alleged illegal actions against Plaintiff and was deliberately indifferent to those alleged actions. Therefore, Plaintiff cannot maintain a claim against Defendant White under 28 U.S.C. §

---

2020746 (D.S.C. May 23, 2011).

1983.[4]  *See Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), *cert. denied*, 513 U.S. 813 (1994) (holding supervisory liability under Section 1983 cannot be premised on *respondeat superior*).  Plaintiff's claim against Defendant White, Union County Public Safety Director is frivolous and fails to state a claim for which relief may be granted by this Court.  *See Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009).  Consequently, Plaintiff's claim against Defendant White is DISMISSED.

### B.    Plaintiff's Objection to Magistrate's Report and Recommendation

Plaintiff filed a timely Objection to the Report and Recommendation and a timely Motion to Amend his Objection.  *See* ECF Nos. 11 and 15.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that most of Plaintiff's objections are non-specific and unrelated to the dispositive portions of the magistrate judge's Report

---

[4] "[A] complaint must contain sufficient factual matter, accepted as true to 'state a claim for relief that is plausible on its fact.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Under this plausibility standard, Plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.*  Plaintiff's complaint fails to state a plausible claim against Defendant White under *Monell* because Plaintiff

and Recommendation or merely restate Plaintiff's claims in his Complaint. The case law Plaintiff cites does nothing more than strengthen Magistrate Judge Hendricks' Report and Recommendation, which found against Plaintiff. This Court is not required to respond to Plaintiff's general statements because "a district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988). Therefore, this Court declines to rule on Plaintiff's general objections.

Plaintiff objects to the magistrate judge's characterization that Dr. Ravenell Smith's actions were private and not under color of law, and argues that Defendant Smith acted under color of law because he was a member of a conspiracy with local law enforcement officers. *See* Objections 2, ECF No. 11. However, Plaintiff has failed to produce any evidence, other than mere speculation, to establish that the Defendant intentionally conspired with local law enforcement officers to cover up Plaintiff's alleged poisoning. The Fourth Circuit stated "Appellants have a weighty burden to establish a civil rights conspiracy. While they need not produce direct evidence of a meeting of the minds, Appellants must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Here, Plaintiff claims that a conspiracy existed because Defendant Smith committed malpractice in failing to find evidence he was poisoned, and the local officers arrested him to conceal Defendant Smith's malpractice. This is a

fails to allege any policy, custom, or practice that resulted in a violation of Plaintiff's rights or that

completely unsubstantiated claim as there is no evidence that Plaintiff was ever poisoned and the local law enforcement had probable cause to arrest him for the crime he was convicted. Therefore, Plaintiff's claims against Defendant Smith are subject to summary dismissal.

Plaintiff also objects to the magistrate judge's dismissal of Plaintiff's claims against Defendant Alan Wilson, the current South Carolina Attorney General, based on immunity for official acts as a representative of the government. Plaintiff argues that an official's immunity "associated with judicial process does not extent [sic] to investigative or administration acts." *Objection* 7, ECF No. 11. However, Plaintiff's claims against the South Carolina Attorney General for actions associated with the prosecution of Plaintiff's criminal case are not cognizable under § 1983, because this Defendant is "protected by prosecutorial immunity." *Odom v. Ins. Holding M.P.P.D.*, C/A No. 3:11-cv-365, 2011 WL 1258514 at *2 (March 31, 2011) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)). Therefore, Plaintiff's claims against Defendant Wilson are subject to summary dismissal.

## Conclusion

After reviewing the record, Plaintiff's Objection, and the Report and Recommendation, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

---

Defendant White was deliberately indifferent to the alleged actions.

IT IS THEREFORE ORDERED that Plaintiff's Complaint is DISMISSED without prejudice and without issuance of service of process pursuant to 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend the Pleadings and join John Edward "Buddy" Tesner and Connie Jeanette "Jeannie" Tesner is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

October 11, 2011
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.